## C. T. HUNTER v. L. P. RUSSELL.

### Decided January 11, 1911.

**Statement of Facts—Failure to File in Appellate Court.**

It is the duty of appellant to see that the statement of facts is filed in the appellate court along with the transcript. The fact that he assumed, without examination or inquiry, that it was inclosed with the transcript does not excuse his failure so to do nor entitle him to have it filed later or to have considered assignments of error for determining which a statement of facts is necessary.

Appeal from the County Court of Falls County. Tried below before Hon. W. E. Hunnicutt.

*E. W. Bounds,* for appellant.

*Spivey, Bartlett & Carter,* for appellee.

KEY, CHIEF JUSTICE.—Plaintiff in error brought this suit against defendant in error, seeking to recover $450 as damages. Defendant in error reconvened and recovered a judgment against plaintiff in error, which the latter seeks to have set aside by this writ of error.

All the questions presented for decision depend upon the facts or the testimony submitted to the jury, and as no statement of facts has been filed in this court, we can not hold that reversible error was committed. The judgment was rendered November 10, 1909. The writ of error was sued out December 15, 1909, and the transcript was filed in this court on March 8, 1910. Counsel for plaintiff in error withdrew the transcript for the purpose of preparing his brief, and when it was returned to this court it was accompanied by the original statement of facts agreed to and approved by the trial judge and filed in the court below. Attached to it is a written affidavit made by counsel for plaintiff in error on the second day of January, 1911, and which is to the effect that when the clerk of the county court delivered to him the transcript his best recollection is that it was rolled up, ready to be mailed; that supposing it to contain the statement of facts, he did not unroll it, but forwarded it forthwith to the clerk of this court; that he was not aware of the fact that it did not contain the statement of facts until he withdrew the transcript about two months prior to the making of the affidavit; that upon investigation he found the statement of facts among the original papers in the county clerk's office.

No motion has been presented, asking permission to file the statement of facts at this late day; and if the affidavit referred to should be treated as a substitute for such motion, we are of opinion that the request should not be granted. When a litigant undertakes to remove a case to an appellate court for the purpose of obtaining relief in that court, it devolves upon him to see to it that the transcript and statement of facts are filed in the appellate court within the time prescribed by the statute; and if he desires further time for filing either document, he must show that the failure to file within the time required by law was not attributable to his want of care and diligence; and such showing is not made in this case. The affidavit fails to show that the county clerk or anyone else misled the attorney and caused him to believe that the statement of facts was rolled up with the transcript; and, therefore, he had no right to assume that such was the case. It being his duty to see that the statement of facts was filed in this court within proper time, he should have ascertained whether or not it was with the transcript; and, having failed to do so, he has not shown such an excuse as will entitle his client to have the statement of facts filed and considered.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*